IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALISHA C. COLLINS,

    Plaintiff,

v.                                              Civ. No. 14-1046 WJ/GBW

CITY OF CLOVIS, *et al.*,

    Defendants.

## ORDER STAYING DISCOVERY

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment and to Stay Discovery. *Doc. 19.* The Court, noting that Plaintiff does not oppose a temporary stay of discovery, and being fully advised, will grant the Motion to Stay at this time.

On November 18, 2014, Plaintiff filed her complaint against Defendants, alleging claims under 42 U.S.C. §§ 1983, 1981, 1985 & 1986. *Doc. 1.* On February 2, 2015, Defendants filed a Motion for Summary Judgment and to Stay, with accompanying Memorandum Brief. *Docs. 19, 20.* Defendants argue, *inter alia*, that the individual defendants are entitled to qualified immunity.

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties

reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v.Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). Moreover, once a single defendant raises the issue of qualified immunity in a dispositive motion, discovery for all defendants should generally be stayed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009).

      The Court held a Rule 16 conference in this case on February 10, 2015. *See doc. 21*. At the hearing, Plaintiff stated that she did not oppose a temporary stay of discovery pending the Court's ruling on the motion for summary judgment.

IT IS THEREFORE ORDERED that discovery in this case is hereby STAYED pending the Court's disposition of Defendants' motion for summary judgment. Nonetheless, granting a stay at this time will not prevent Plaintiff from requesting targeted discovery pursuant to Rule 56(d) should she believe that discovery is "essential to justify [her] opposition." FED. R. CIV. P. 56(d). If the Court agrees, the limited discovery would be permitted notwithstanding the stay ordered herein.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE